IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS WOLLMAN, | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil No.  13-cv-037-CJP |
| | ) |
| CAROLYN W. COLVIN, | ) |
| **Acting Commissioner of Social Security,** | ) |
| | ) |
|       **Defendant.** | ) |

<u>**MEMORANDUM AND ORDER**</u>

**PROUD, Magistrate Judge:**

This matter is before the Court on plaintiff's Application for Award of Attorney's Fees Under the Equal Access to Justice Act.  **(Doc. 21)**.   Defendant has not filed a response, and the time for doing so has now expired.

Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(A), the Court shall award attorney's fees and expenses to a prevailing party in a civil action against the United States, including proceedings for judicial review of agency action, unless the government's position was substantially justified.  The hourly rate for attorney's fees is not to exceed $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  §2412(d)(2)(A).

This case was remanded to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. §405(g).  Plaintiff is, therefore, the prevailing party.  See, **Shalala v. Schaefer, 509 U.S. 292, 302 (1993).**

Counsel seeks a total of $4,809.65, as set forth in her memorandum in support.  See, Memorandum in Support, attached to Doc. 21.

The Commissioner has not argued that her position was substantially justified so as to defeat plaintiff's claim under the EAJA, or challenged the appropriateness of the hourly rate and the number of hours claimed.

The Court deems the failure to respond to plaintiff's Application to be an admission of the merits thereof.  SDIL-LR 7.1.  Accordingly, the Court finds that plaintiff is entitled to an award of attorney's fees and costs pursuant to the EAJA, and that the hourly rate and number of hours claimed are reasonable.

Plaintiff's Application for Attorney's Fees **(Doc. 21)** is hereby **GRANTED**.  The Court awards plaintiff a total of **$4,809.65** as fees and costs.

The amount awarded is payable to plaintiff and is subject to set-off for any debt owed by plaintiff to the United States, per **Astrue v. Ratliff, 130 S.Ct. 2521 (2010).**  However, any part of the award that is not subject to set-off to pay plaintiff's pre-existing debt to the United States shall be made payable to plaintiff's attorney pursuant to the EAJA assignment previously executed by plaintiff and his attorney.  See, Doc. 21, Ex, 3.

**IT IS SO ORDERED.**

**DATED:   February 4, 2014.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U.S. MAGISTRATE JUDGE**